1

2  **LAW OFFICES OF**
   **RONALD A. MARRON, APLC**
3  RONALD A. MARRON (175650)
   *ron@consumersadvocates.com*
4  SKYE RESENDES (278511)
   *skye@consumersadvocates.com*
5  ALEXIS WOOD (270200)
   *alexis@consumersadvocates.com*
6  3636 4ᵗʰ Avenue, Suite 202
7  San Diego, California 92103
   Telephone:  (619) 696-9006
8  Facsimile:  (619) 564-6665

9

10 *Counsel for Plaintiff and the Proposed*
   *Class [Additional Counsel Listed on*
11 *Signature Page]*

**THE WESTON FIRM**
GREGORY S. WESTON (239944)
*greg@westonfirm.com*
JACK FITZGERALD (257370)
*jack@westonfirm.com*
MELANIE PERSINGER (275423)
*mel@westonfirm.com*
1405 Morena Blvd., Suite 201
San Diego, California 92110
Telephone:  (619) 798 2006
Facsimile:   (480) 247 4553

12

13             **UNITED STATES DISTRICT COURT**
               **SOUTHERN DISTRICT OF CALIFORNIA**

14

15 KEVIN BRANCA, an individual, on behalf
   of himself and all others similarly situated,
16
17                Plaintiff,
18
                  v.
19
   IOVATE HEALTH SCIENCES USA,
20 INC.; IOVATE HEALTH SCIENCES
   INC.; and IOVATE HEALTH SCIENCES
21 GROUP INC., now known as KERR
   INVESTMENT HOLDING CORP.,
22
23                Defendants.
24

Case No.: 3:12-cv-01686-LAB-WMC
Pleading Type: Class Action

**PLAINTIFF'S OPPOSITION TO**
**IOVATE'S MOTION TO STAY**
**PENDING APPROVAL OF CLASS**
**SETTLEMENT IN RELATED**
**PROCEEDING**

*Special Briefing Schedule Ordered*
*[Dkt. No. 27]*

Date: April 2, 2013
Judge: The Honorable Larry A. Burns
Time: 11:30 a.m.
Location: Courtroom 9

25

26

27

28

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................... iii

INTRODUCTION ........................................................................................... 1

FACTS ............................................................................................................ 2

    I.      *GARCIA* WAS FILED AND SETTLED UNDER DUBIOUS
           CIRCUMSTANCES ................................................................. 2

           A.    Iovate Agreed to Mediate *Garcia* Even Before Garcia
                  Served his Complaint ......................................................... 2

           B.    Iovate's and Garcia's Counsel Are Business Partners ...................... 3

           C.    Iovate Responded Disparately to the "Substantively
                  Identical" Allegations in *Branca* and *Garcia* .................................... 4

           D.    Iovate and Garcia Concealed the Copycat Action While
                  "Negotiating" a Settlement ................................................ 4

    II.     THE *GARCIA* COURT TOOK THE PRELIMINARY
           APPROVAL MOTION OFF CALENDAR AND PERMITTED
           MR. BRANCA'S INTERVENTION TO SEEK A STAY ......................... 5

REASONS THE COURT SHOULD NOT STAY THIS ACTION ................................. 6

    I.      LEGAL STANDARD ............................................................... 6

    II.     NO EXCEPTIONAL CIRCUMSTANCES JUSTIFY A STAY ................ 8

           A.    The Relative Convenience of the Forums Weighs Against a
                  Stay .................................................................................. 8

           B.    Staying this Action Would Not Help Avoid Piecemeal
                  Litigation ......................................................................... 9

i

        i.     California Law Strongly Favors Staying Later-Filed
State Court Actions in Deference to First-Filed
Federal Actions ....................................................................... 10

        ii.    The *Garcia* Parties' Inequitable Conduct Makes a
Stay of the State Court Action Even More Likely ................ 11

        iii.   Because the Actions are "Substantively Identical,"
There is No Possibility of Piecemeal Litigation.................... 12

C.     The Order of Filing Weighs Against Staying this Action ............... 13

D.     Because Both State and Federal Law Provide the Rule of
Decision on the Merits, this Action Should Not be Stayed ............. 15

E.     The State Proceeding is Inadequate to Protect the Parties'
Rights, and Congress Has Expressed a Strong Preference for
the Litigation of Class Actions in Federal Court ............................ 16

F.     Mr. Branca Has Not Engaged in Any Inequitable Conduct
that Might Otherwise Favor a Stay .................................................. 19

G.     Iovate's Reliance on the *CMAX* Hardship Factors is
Erroneous ........................................................................................ 20

CONCLUSION .......................................................................................................... 22

# TABLE OF AUTHORITIES

**Cases**

*AGCS Marine Ins. Co. v. Am. Truck & Trailer Body Co.*,
  2013 U.S. Dist. LEXIS 3598 (E.D. Cal. Jan. 9, 2013) ................................. 6

*Alliance of Am. Insurers v. Cuomo*,
  854 F.2d 591 (2d Cir. 1988) ................................................................ 15

*Alzheimer's Inst. of Am. v. Elan Corp. PLC*,
  2011 U.S. Dist. LEXIS 147471 (N.D. Cal. Dec. 22, 2011)...................... 20

*Am. Int'l Underwriters, (Philippines), Inc. v. Continental Ins. Co.*,
  843 F.2d 1253 (9th Cir. 1988) .............................................................. 7

*Apple Computer, Inc. v. Super. Ct.*,
  126 Cal. App. 4th 1253 (2005) ........................................................ 17, 18

*Bickley v. Schneider Nat'l Carriers, Inc.*,
  2013 U.S. Dist. LEXIS 8636 (N.D. Cal. Jan. 22, 2013)........................... 20

*Black Sea Inv., Ltd. v. United Heritage Corp.*,
  204 F.3d 647 (5th Cir. 2000) ...................................................... 12, 14, 18

*Booker v. Rountree*,
  155 Cal. App. 4th 1366 (2007) ............................................................ 11

*Breault v. Folino*,
  2002 U.S. Dist. LEXIS 25587 (C.D. Cal. Mar. 15, 2002)....................... 21

*Caiafa Prof. Law Corp. v. State Farm Fire & Cas. Co.*,
  15 Cal. App. 4th 800 (1993) .................................................. 8, 10, 11, 13

*Cal Pak Delivery, Inc. v. United Parcel Serv., Inc.*,
  52 Cal. App. 4th 1 (1997) ................................................................... 18

*Carney v. Verizon Wireless Telecom, Inc.*,
  2010 U.S. Dist. LEXIS 77636 (S.D. Cal. Aug. 2, 2010).......................... 21

iii

*Century Indem. Co. v. Bank of Am.*,
   58 Cal. App. 4th 408 (1997) ............................................................... 10

*Clark's Fork Reclamation Dist. No. 2069 v. Johns*,
   259 Cal. App. 2d 366 (1968) ....................................................... 10, 15

*Clinton v. Jones*,
   520 U.S. 681 (1997)........................................................................... 7

*CMAX, Inc. v. Hall*,
   300 F.2d 265 (9th Cir. 1962) ............................................................ 20

*Colorado River Conservation Dist. v. United States*,
   424 U.S. 800 (1976)....................................................................... 6, 7

*Evanston Ins. Co. v. Jimco, Inc.*,
   844 F.2d 1185 (5th Cir. 1988) ....................................................... 8, 13

*Fernandez v. Boiron, Inc.*,
   2012 U.S. Dist. LEXIS 74322 (C.D. Cal. Apr. 26, 2012)...................... 21

*Ferolito v. Menashi*,
   2013 U.S. Dist. LEXIS 6612 (E.D.N.Y. Jan. 15, 2013)........................... 9

*Gallucci v. Boiron, Inc.*,
   2012 U.S. Dist. LEXIS 157039 (S.D. Cal. Oct. 31, 2012)........................ 3

*Garcia v. Iovate Health Sciences U.S.A., Inc.*,
   No. 1402915 (Santa Barbara Super. Ct.) ............................................. 2

*Gemini Ins. Co v. W. Marine Ins. Servs. Corp.*,
   2012 U.S. Dist. LEXIS 99948 (E.D. Cal. July 18, 2012)..................... 6, 15

*Gregg v. Super. Ct.*,
   194 Cal. App. 3d 134 (1987) ............................................................ 11

*Holloway v. Full Spectrum Lending*,
   2007 U.S. Dist. LEXIS 59934 (C.D. Cal. June 26, 2007)........................ 8

*In re Den Beste*,
   2013 U.S. Dist. LEXIS 432 (N.D. Cal. Jan. 2, 2013)............................. 20

iv

*In re Ferrero Litig.*,
    768 F. Supp. 2d 1074 (S.D. Cal. 2011)..................................................... 19

*Intel Corp. v. Advanced Micro Devices, Inc.*,
    12 F.3d 908 (9th Cir. 1993) ..................................................................... 7

*Jaroslawicz v. Safety Kleen Corp.*,
    151 F.R.D. 324 (N.D. Ill. 1993).............................................................. 18

*Jellinek v. Advance Prods. & Sys.*,
    2013 U.S. Dist. LEXIS 26317 (S.D. Cal. Feb. 26, 2013)......................... 6

*Kelly Inv. Inc. v. Cont'l Common Corp.*,
    315 F.3d 494 (5th Cir. 2002) .................................................................... 8

*Koval v. Pac. Bell Tel. Co.*,
    2012 U.S. Dist. LEXIS 113196 (N.D. Cal. Aug. 10, 2012) ................. 6, 21

*Leyva v. Certified Grocers of Cal., Ltd.*,
    593 F.2d 857 (9th Cir. 1979) .................................................................. 20

*Lou v. Belzberg*,
    834 F.2d 730 (9th Cir. 1987) .................................................................... 9

*Morris v. SWDI, LLC*,
    872 F. Supp. 2d 499 (E.D. La. 2012)................................................. 12, 13

*Moses H. Cone Hosp. v. Mercury Constr. Corp.*,
    460 U.S. 1 (1983).................................................................... 6, 7, 15, 16

*Murphy v. Uncle Ben's Inc.*,
    168 F.3d 734 (5th Cir. 1999) .................................................................. 12

*Murray v. GMAC Mortg. Corp.*,
    434 F.3d 948 (7th Cir. 2006) .................................................................... 8

*Nakash v. Marciano*,
    882 F.2d 1411 (9th Cir. 1989) ............................................................ 7, 19

*Nat'l Ass'n of Investors Corp. v. Bivio, Inc.*,
    2013 U.S. Dist. LEXIS 10950 (D. Colo. Jan. 28, 2013) ........................... 8

v

*Negotiated Data Solutions, LLC v. Dell Inc.*,
   2008 U.S. Dist. LEXIS 77229 (N.D. Cal. Sept. 16, 2008) ........................ 20

*Padres Hacia Una Vida Mejor v. Jackson*,
   2012 U.S. Dist. LEXIS 68618 (E.D. Cal. May 16, 2012) ......................... 20

*Putz v. Golden*,
   2012 U.S. Dist. LEXIS 91506 (W.D. Wash. July 2, 2012) .................... 7, 10

*R.R. St. & Co., Inc. v. Transp. Ins. Co.*,
   656 F.3d 966 (9th Cir. 2011) .................................................................. 9

*Sequoia Forestkeeper & Earth Island Inst. V. U.S. Forest Service*,
   2008 U.S. Dist. LEXIS 40922 (E.D. Cal. May 21, 2008) ......................... 21

*Stewart v. W. Heritage Ins. Co.*,
   438 F.3d 488 (5th Cir. 2006) .............................................................. 9, 13

*Sverdrup Corp. v. Edwardsville Cmty. Unit Sch. Dist. No. 7*,
   125 F.3d 546 (7th Cir. 1997) .................................................................. 6

*Travelers Indem. Co. v. Madonna*,
   914 F.2d 1364 (9th Cir. 1990) ................................... 7, 13, 15, 16

*Trotsky v. Los Angeles Fed. Sav. & Loan Ass'n*,
   48 Cal. App. 3d 134 (1975) .................................................................. 11

*Trujillo v. Shivers*,
   2012 U.S. Dist. LEXIS 147935 (E.D. La. Oct. 15, 2012) .............................. *passim*

*Wells Cargo, Inc. v. Transp. Ins. Co.*,
   2012 U.S. Dist. LEXIS 108098 (D. Idaho July 31, 2012) ......................... 20

**Statutes**

28 U.S.C. § 1332(d) ................................................................................ 16

28 U.S.C. § 1441 .................................................................................... 16

Pub. L. No. 109-2 (Feb. 18, 2005) .......................................................... 16

vi

**Rules**

Cal. R. Ct. 3.300(b) ................................................................................. 1, 4

Cal. R. Ct. 3.764(c)(1) ................................................................................ 19

S.D. Cal. Civ. L.R. 40.1(f) ..................................................................... 1, 4, 5


**Other Authorities**

2 Witkin, Cal. Procedure (3d ed. 1985) ......................................................... 11

J. Moore, Moore's Federal Practice (2d ed. 1948, 1982 update...........................13

*Branca v. Iovate Health Sciences USA, Inc. et al;* Case No. 3:12-cv-01686-LAB
PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY

# **INTRODUCTION**

Santa Barbara Superior Court Judge Denise de Bellefeuille, presiding over the "copycat" *Garcia* action that Iovate tried to hurriedly settle, recently found that:

> Despite its knowledge of and active participation the *Branca* case, Iovate did not inform this court of [*Branca*'s] existence. . . . Regardless of whether a corresponding federal rule or common courtesy required Iovate to notify Branca of this action, Garcia and Iovate were not forthcoming regarding the existence of two pending purported class actions setting forth identical causes of action.

(Marron Decl. filed concurrently herewith, Ex. 1.)

As a result of Iovate's concealing *Garcia* in violation of California Rule of Court 3.300(b) and the Southern District Civil Local Rule 40.1(f), Judge de Bellefeuille took Iovate's preliminary approval motion off calendar (*id.* Ex. 2); allowed Mr. Branca to intervene (*id.* Ex. 1); and invited Mr. Branca to file a motion seeking to stay *Garcia* (*id.* at 5), which she scheduled for hearing before any renewed preliminary approval motion.

When Iovate filed this motion on January 22, its sole justification for staying the action was its then-pending preliminary approval motion in *Garcia*. (*See* Dkt. No. 26 at 1.) Because that motion has been taken off calendar, the basis of Iovate's stay motion has been eliminated, and the motion should therefore be summarily denied.

But California law also strongly favors staying later-filed state court actions in deference to first-filed actions, like this one, pending in California federal court, so there is a strong probability *Garcia* will be stayed, further undermining any conceivable basis for staying this action. By contrast, under the *Colorado River* doctrine, federal courts may only stay actions in deference to state court proceedings under "extraordinary circumstances," none of which are present here.

Accordingly, the Court should, respectfully, with "[n]o reply brief . . . necessary" (Dkt. No. 27 at 1), deny Iovate's motion.

1

*Branca v. Iovate Health Sciences USA, Inc. et al; * Case No. 3:12-cv-01686-LAB
PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY

**FACTS**

I. ***GARCIA*** WAS FILED AND SETTLED UNDER DUBIOUS CIRCUMSTANCES

    A. **Iovate Agreed to Mediate *Garcia* Even Before Garcia Served his Complaint**

On July 6, 2012, Mr. Branca filed in this Court the first putative class action challenging the advertising of Iovate's popular weight loss product, "Hydroxycut Pro Clinical." (Compl., Dkt. No. 1.) Two weeks later, on Friday, July 20, Daniel Garcia filed his "substantively identical" (Mot. at 1) action in Santa Barbara Superior Court, styled *Garcia v. Iovate Health Sciences U.S.A., Inc.*, No. 1402915.

Iovate's counsel, Scott Ferrell, testified that on Tuesday, July 24, he attempted to send Mr. Branca's counsel, Ronald Marron, the following email:

> I am writing to follow up on the two previous letters and at least two voice mails that my office has left for you. My client is interested in mediating all of the "Hydroxycut Pro Clinical" litigation and would like to invite you to participate in that litigation [sic]; my clients have agreed to pay for the mediation. [¶] . . . Given that we are attempting to schedule that mediation within the next few weeks, we need to know if you and your client will participate in it.

(Marron Decl. Ex. 3 at 16 (Ferrell Decl. in Support of Iovate Opp. to Mot. to Intervene Ex. B); *see also id.* at 9-10, 12 (Iovate Opp. to Mot. to Intervene at 1-2, 10) (citing Ferrell Decl. Ex. B to support Iovate's assertion that Mr. Branca was informed of "this [*Garcia*] action and settlement discussions").)[1]

Thus, Mr. Ferrell avers that in the four days from Friday, July 20, to Tuesday, July 24, Iovate and Garcia agreed to schedule a mediation "within the next few weeks,"

---

[1] Because it was addressed to the wrong address, Mr. Marron never received Iovate's email. (Marron Decl. Ex. 1 at 4 ("Iovate contends its counsel notified Branca's counsel of this action, but the email only mentions mediation of 'all of the "Hydroxycut Pro Clinical" ligation . . . .'," and "the e-mail was directed to the wrong address." (record citations omitted)).)

2

for which Iovate would pay, after which he sent Mr. Branca's counsel two letters, "at least two voicemails," and finally the July 24 email, to invite Mr. Branca's participation in that mediation.

But, Iovate was <u>not even served</u> with Mr. Garcia's Complaint until July 31, 2012, a week *after* Mr. Ferrell's July 24 email. (*Id.* Ex. 1 at 5.)

There is an explanation for this seeming impossibility. Though purportedly adverse in *Garcia*, Iovate's counsel and Garcia's counsel have a long-standing, beneficial business relationship, serving as co-counsel for plaintiffs in several pending class action lawsuits.

### B.    Iovate's and Garcia's Counsel Are Business Partners

Iovate's counsel, Newport Trial Group, both prosecutes and defends class actions. Before Mr. Branca filed his action, Newport unsuccessfully battled with Mr. Branca's counsel for control of a class action in which a $5 million settlement agreement was approved last October by this District's Honorable John A. Houston. *See Gallucci v. Boiron, Inc.*, 2012 U.S. Dist. LEXIS 157039 (S.D. Cal. Oct. 31, 2012). Newport had vigorously fought against the settlement, first while representing a plaintiff in a competing class action, then while representing objectors to the settlement.

Kirtland & Packard LLP represents Daniel Garcia in the state action. Together as co-counsel, Kirtland and Newport have represented plaintiff classes in at least three recent class actions, including one which, like *Branca* and *Garcia*, challenges the advertising of a weight loss supplement (*Smart*), and another filed just 21 days before *Garcia* that is currently pending (*Hogan*).[2]

---

[2] *See* Marron Decl. Ex. 4 (*Worthington v. Fiji Water Company LLC et al.*, No. 10-cv-9795 (C.D. Cal.), Dkt. No. 4, Notice of Association of Kirtland as Counsel for Plaintiff Worthington, signed and filed by Scott Ferrell, of Newport); *Id.* Ex. 5 (*Hogan, et al. v. USPLabs, LLC*, No. BC486925 (Los Angeles Super. Ct.), Complaint with signature page showing Kirtland and Newport representing plaintiffs); *Id.* Ex. 6 (settlement agreement in *Smart v. Obesity Research Inst., LLC*, No. BC407882 (Los Angeles Super.

**C.    Iovate Responded Disparately to the "Substantively Identical" Allegations in *Branca* and *Garcia***

Representing Iovate in *Branca*, on August 3, 2012, Newport moved to dismiss Mr. Branca's causes of action under the CLRA, UCL, FAL, Magnuson-Moss Warranty Act, and for breach of express and implied warranties. (Dkt. Nos. 3-4.) Although Garcia's Complaint seeks the same remedies and asserts the same counts as *Branca* (*see* Mot. at 7 ("the claims, class, and defendant all overlap")), Iovate's response in *Garcia* was wholly different:

> Garcia filed his complaint on July 20, 2012 and service was effective . . . on July 31, 2012. . . . Iovate did not challenge the pleading but immediately answered, also on July 31. The next substantive pleading in the case was a November 15, 2012 joint CMC statement indicating the case had settled[.]

(Marron Decl. Ex. 1 at 5 (internal citation omitted).)

**D.    Iovate and Garcia Concealed the Copycat Action While "Negotiating" a Settlement**

Although both California Rule of Court 3.300(b)[3] and Southern District Civil Local Rule 40.1(f)[4] required Iovate and Newport to alert both courts to the overlapping

---

Ct.), a class action concerning advertising of weight loss product Lipozine, showing Kirtland, Newport, and one other plaintiff's firm as co-counsel for plaintiffs).

[3] Whenever a party in a civil action knows or learns that the action or proceeding is related to another action or proceeding pending, dismissed, or disposed of by judgment in any state or federal court in California, the party ***must*** serve and file a Notice of Related Case.

Cal. R. Ct. 3.300(b) (emphasis added).

[4] Whenever counsel has reason to believe that a pending action or proceeding on file or about to be filed is related to another pending action or proceeding on file in this or any other federal or state court (whether pending, dismissed, or otherwise terminated), counsel ***must*** promptly file and serve on all known parties to each related action or proceeding a notice of related case . . . . This

4

*Branca v. Iovate Health Sciences USA, Inc. et al;* Case No. 3:12-cv-01686-LAB
PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY

actions, it shirked this duty for 195 days, until, on January 22, 2013, Iovate's counsel filed the instant motion, arguing that a then-pending preliminary approval motion in *Garcia* warranted a stay of this first-filed federal action.[5]

## II. THE *GARCIA* COURT TOOK THE PRELIMINARY APPROVAL MOTION OFF CALENDAR AND PERMITTED MR. BRANCA'S INTERVENTION TO SEEK A STAY

Upon learning of *Garcia* when Iovate filed this Motion, Mr. Branca moved to intervene in the state court action, to take discovery into the circumstances surrounding its filing and settlement, to request a continuance of the preliminary approval motion, and to seek a stay of the action. (*See* Marron Decl. Ex. 1 at 3-4.)

Judge deBellefeuille granted the motion under both the mandatory and permissive prongs of Cal. Code Civ. P. § 387. (*See id.* at 4-5.) She held that Mr. Branca "may conduct discovery," including of Iovate's and Mr. Garcia's counsel. (*See id.* at 5.) And she invited Mr. Branca to "seek to stay this action in favor of the earlier-filed and served federal action." (*Id.*)

Mr. Branca filed his Complaint in Intervention and stay motion on March 7, 2013. (*Id.* Ex. 3.) A hearing is scheduled for April 4.

---

is a continuing ***duty*** that applies not only when counsel files a case with knowledge of a related action or proceeding but also applies after the date of filing whenever counsel learns of a related action or proceeding.

S.D. Cal. Civ. L.R. 40.1(f) (emphasis added).

[5] Iovate and Newport argued they enjoyed immunity from the courts' respective rules (Marron Decl. Ex. 3 at 11, Iovate Opp. to Mot. to Intervene at 7), but Judge deBellefeuille rejected this assertion (*id.* Ex. 1 at 5), which is also belied by the plain language of both statutes.

1

## **REASONS THE COURT SHOULD NOT STAY THIS ACTION**

2

## I.    **LEGAL STANDARD**

3   In 1976, the Supreme Court held that federal courts have discretion to stay or

4   dismiss actions in deference to overlapping state court actions. *Colorado River*

5   *Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). Nevertheless, "federal

6   district courts have a 'virtually unflagging obligation' to exercise their jurisdiction, . . .

7   and should only invoke a stay or dismissal under the *Colorado River* doctrine in

8   'exceptional circumstances.'" *Koval v. Pac. Bell Tel. Co.*, 2012 U.S. Dist. LEXIS

9   113196, at *8 (N.D. Cal. Aug. 10, 2012) (internal citation omitted) (quoting *Moses H.*

10  *Cone Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 19 (1983); *Colorado River*, 424 U.S.

11  at 817); *see also Cone*, 460 U.S. at 25-26 ("We emphasize that our task . . . is not to

12  find some substantial reason for the *exercise* of federal jurisdiction by the district court;

13  rather, the task is to ascertain whether there exist 'exceptional' circumstances, the

14  'clearest of justifications,' that can suffice under *Colorado River* to justify the *surrender*

15  of that jurisdiction." (emphasis in original)); *Jellinek v. Advance Prods. & Sys.*, 2013

16  U.S. Dist. LEXIS 26317 (S.D. Cal. Feb. 26, 2013) (denying motion to stay).

17  Accordingly, courts "treat as paramount the overriding rule that abstention is the

18  exception." *Sverdrup Corp. v. Edwardsville Cmty. Unit Sch. Dist. No. 7*, 125 F.3d 546,

19  550 (7th Cir. 1997).

20  In *Colorado River*, the Supreme Court set forth a balancing test comprised of

21  four factors to determine whether sufficiently exceptional circumstances exist to stay an

22  action: (1) whether either court has assumed jurisdiction over property in dispute;[6] (2)

23  the relative convenience of the forums; (3) the desirability of avoiding piecemeal

24  litigation; and (4) the order in which the concurrent forums obtained jurisdiction. 424

25

26  [6] "As the present case does not involve property, the factor is not applicable here." *See*

27  *AGCS Marine Ins. Co. v. Am. Truck & Trailer Body Co.*, 2013 U.S. Dist. LEXIS 3598,
    at *9 n.2 (E.D. Cal. Jan. 9, 2013); *see also Gemini Ins. Co v. W. Marine Ins. Servs.*

28  *Corp.*, 2012 U.S. Dist. LEXIS 99948, at *24-25 n.8 (E.D. Cal. July 18, 2012) (same).

U.S. at 818. In *Cone*, the Supreme Court added two more factors: (5) whether state or federal law provides the rule of decision on the merits; and (6) whether the state proceeding is adequate to protect the parties' rights. 460 U.S. at 23, 26. And, the Ninth Circuit added another factor: (7) whether the federal plaintiff is engaged in forum shopping or seeking to avoid adverse state court rulings. *Nakash v. Marciano*, 882 F.2d 1411, 1417 (9th Cir. 1989).

In applying these factors:

> [T]he decision whether to dismiss a federal action because of parallel state-court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction. The weight to be given any one factor may vary greatly from case to case, depending on the particular setting of the case.

*Cone*, 460 U.S. at 16; *see also Nakash*, 882 F.2d at 1415 ("These factors are to be applied in a pragmatic and flexible way, as part of a balancing process rather than as a 'mechanical checklist.'" (quoting *Am. Int'l Underwriters, (Philippines), Inc. v. Continental Ins. Co.*, 843 F.2d 1253, 1257 (9th Cir. 1988))).

"The proponent of a stay bears the burden of establishing its need," *Clinton v. Jones*, 520 U.S. 681, 708 (1997). Where, as here, a party seeks the stay of a federal action in deference to a state action, "the existence of a substantial doubt as to whether the state proceedings will resolve the federal action **precludes** the granting of a stay." *Intel Corp. v. Advanced Micro Devices, Inc.*, 12 F.3d 908, 913 (9th Cir. 1993) (emphasis added); *see also Travelers Indem. Co. v. Madonna*, 914 F.2d 1364, 1369 (9th Cir. 1990) ("Any doubt as to whether a factor exists should be resolved against a stay, not in favor of one."). As a result, "if there is substantial doubt as to whether the foreign proceeding will resolve the federal action, there is no need to even undertake this multifactor analysis." *Putz v. Golden*, 2012 U.S. Dist. LEXIS 91506, at *36 (W.D. Wash. July 2, 2012) (citing *Intel Corp.*, 12 F.3d at 913 n.7).

## II. NO EXCEPTIONAL CIRCUMSTANCES JUSTIFY A STAY

### A. The Relative Convenience of the Forums Weighs Against a Stay

"The Court's inquiry with respect to this factor is '"whether the inconvenience of the federal forum is so great" that abstention is warranted,' not whether the state forum is more convenient." *Trujillo v. Shivers*, 2012 U.S. Dist. LEXIS 147935, at *5 (E.D. La. Oct. 15, 2012) (quoting *Kelly Inv. Inc. v. Cont'l Common Corp.*, 315 F.3d 494, 498 (5th Cir. 2002) (quoting *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1192 (5th Cir. 1988))). Where "the difference in the relative convenience of the two forums is inconsequential. . . . any additional inconvenience of the federal forum is not so great that abstention is warranted." *Id.*

Where an action is pending in California federal court, there is no inconvenience relative to a state court venue. *See Thomson v. Cont'l Ins. Co.*, 66 Cal. 2d 738, 747 (1967) (where "the pending federal court action was in a federal court in California[,] staying the domestic action would work no hardship on the plaintiff by forcing him to litigate in a distant state"); *Caiafa Prof. Law Corp. v. State Farm Fire & Cas. Co.*, 15 Cal. App. 4th 800, 807 (1993) ("[T]he federal fraud action is pending in the Southern District of California, not in some other state. Thus, the federal court is of equal convenience to the parties and witnesses as is the state court . . . ."); *Nat'l Ass'n of Investors Corp. v. Bivio, Inc.*, 2013 U.S. Dist. LEXIS 10950, at *25 (D. Colo. Jan. 28, 2013) ("The relative convenience of the state and federal forums involved in this case is neutral, as the two courthouses are geographically proximate, and no party has suggested any inconvenience suffered as a result of litigating in one forum or the other.").

*Branca* and *Garcia* involve the same putative class and Defendants, but different named plaintiffs. In class actions, however, counsel "as a practical matter are the class's real champions," *Holloway v. Full Spectrum Lending*, 2007 U.S. Dist. LEXIS 59934, at *22 (C.D. Cal. June 26, 2007) (quoting *Murray v. GMAC Mortg. Corp.*, 434 F.3d 948, 954 (7th Cir. 2006)). Accordingly, this factor should focus on the convenience to

8

*Branca v. Iovate Health Sciences USA, Inc. et al;* Case No. 3:12-cv-01686-LAB
PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY

defendants and the putative Class, rather than each action's volunteer plaintiff. *Accord Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) ("when an individual . . . represents a class, the named plaintiff's choice of forum is given less weight").

Defendants reside outside this state. Accordingly, neither Santa Barbara nor San Diego is more convenient to them. But litigating in federal court is generally more convenient for all parties because of its system for electronic filing and other streamlined procedures. Moreover, Iovate's counsel maintain its office in Newport Beach, California, which is about 50 miles closer to San Diego than Santa Barbara. The situation is similar for the putative Class, as Mr. Branca's counsel work in San Diego, 215 miles from Santa Barbara. Thus the Class would be most inconvenienced if Mr. Branca's counsel were required to litigate in Santa Barbara as a result of staying this action.

Accordingly, this factor militates against staying this action. *See Ferolito v. Menashi*, 2013 U.S. Dist. LEXIS 6612, at *15 (E.D.N.Y. Jan. 15, 2013) ("Where, as here, the federal court is just as convenient as the state court, this factor is substantially neutral and favors the retention of federal jurisdiction." (citation omitted)).

### B.  Staying this Action Would Not Help Avoid Piecemeal Litigation

"The potential for piecemeal litigation exists when there is an additional claim or party in one of the suits that is not present in the other suit." *Trujillo*, 2012 U.S. Dist. LEXIS 147935, at *7 (citing *Stewart v. W. Heritage Ins. Co.*, 438 F.3d 488, 492 (5th Cir. 2006)). While its avoidance is desirable, "the mere possibility of piecemeal litigation does not constitute an exceptional circumstance" sufficient to justify abstention. *R.R. St. & Co., Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 979 (9th Cir. 2011). "Instead, the case must raise a 'special concern about piecemeal litigation,' . . . which can be remedied by staying or dismissing the federal proceeding." *Id.* (citations omitted).

Staying this action would not help avoid piecemeal litigation because the actions involve the same facts and issues, such that there is no threat of piecemeal litigation.

9

*Branca v. Iovate Health Sciences USA, Inc. et al; Case No. 3:12-cv-01686-LAB*
PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY

Moreover, the state action is likely to be stayed itself and, of the two, *should* be stayed. *See Putz*, 2012 U.S. Dist. LEXIS 91506, at *36.

### i.    California Law Strongly Favors Staying Later-Filed State Court Actions in Deference to First-Filed Federal Actions

"[W]hen a federal action has been filed covering the same subject matter as is involved in a California action, the California court has the discretion . . . to stay the state court action." *Caiafa*, 15 Cal. App. 4th at 804. In considering a stay, the California Supreme Court "has noted that . . . the trial court can take into account any consideration which bears on the relative suitability or convenience of the two forums," *Century Indem. Co. v. Bank of Am.*, 58 Cal. App. 4th 408, 412 (1997) (citing *Archibald v. Cinerama Hotels*, 15 Cal. 3d 853, 860 (1976)).

Although discretionary, a "strong policy of comity . . . was thought by the appellate courts to be a sufficient basis for converting what was otherwise a matter of discretion—the propriety of a stay—into a rule of law," *Thomson*, 66 Cal. 2d at 747 (citing *Simmons v. Super. Ct.*, 96 Cal. App. 2d 119, 124 (1950)); *accord Caiafa*, 15 Cal. App. 4th at 807 (The pendency of an overlapping action in federal court is a factor:

> which the Supreme Court found so important it accounted for the several earlier California decisions which appeared to make a stay of state court proceedings a matter of right not merely a matter of discretion. While reemphasizing a stay was a discretionary decision for the California trial courts . . . our high court also recognized the significance of this factor in the trial court's exercise of its discretion. (citing *Thomson*, 66 Cal. 2d at 747)).

Guided by this strong policy of comity, California state courts recognize that "the prior filing of [a federal] action . . . raise[s] questions of comity calling for exercise of a circumspect discretion by the state court in which the later action is commenced," *Clark's Fork Reclamation Dist. No. 2069 v. Johns*, 259 Cal. App. 2d 366, 369 (1968). This "may call for a discretionary refusal of the court to entertain the second suit pending determination of the first-filed action." *Gregg v. Super. Ct.*, 194 Cal. App. 3d

10

*Branca v. Iovate Health Sciences USA, Inc. et al;* Case No. 3:12-cv-01686-LAB
PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY

134, 136 (1987) (citing 2 Witkin, Cal. Procedure (3d ed. 1985) Jurisdiction, §§ 341, 348 at 761, 769).

These principles are especially strong where the first-filed action is pending in a California district court, since there is no competing issue of inconvenience. *See Thomson*, 66 Cal. 2d at 747; *Caiafa*, 15 Cal. App. 4th at 807. Thus, "the strong policy of comity," normally weighed against inconvenience where the overlapping suit is outside the state, will likely prevail in Mr. Branca's motion to stay *Garcia*. *See Thomson*, 66 Cal. 2d at 747-48; *Caiafa*, 15 Cal. App. 4th at 805.

### ii.    *The Garcia Parties' Inequitable Conduct Makes a Stay of the State Court Action Even More Likely*

Sanctions are appropriate and have been awarded where, as here, an attorney

> "deliberately and knowingly" delayed filing a notice of related case (*see* Cal. Rules of Court, rule 3.300) until after [a duplicative action] was settled, and he did so "for the purpose of increasing his fees and the settlement value or judgment in favor of his present client,"

*Booker v. Rountree*, 155 Cal. App. 4th 1366, 1369 n.2 (2007). This behavior is not only unfair to Mr. Branca, but endangers the putative Class:

> There was no such candor and openness in the instant case. It seems obvious that the intended effect . . . was to foreclose the *Barwig* case. . . . Instead, in this case the existence of the *Barwig* case was kept from the court and the class. To approve the . . . settlement under such circumstances would make a mockery of the salutary principle that, in order to prevent fraud, collusion or unfairness to the class, the settlement or dismissal of a class action requires court approval and notice to the class. . . . Our Supreme Court recently cautioned that the class action device, designed to foster justice, also carries with it substantial dangers of injustice to class members who may be deprived of their rights by the actions of the class plaintiff. . . . Just such a danger is presented by the circumstances of this case.

*Trotsky v. Los Angeles Fed. Sav. & Loan Ass'n*, 48 Cal. App. 3d 134, 149-50 (1975) (internal citations omitted).

*Branca v. Iovate Health Sciences USA, Inc. et al; Case No. 3:12-cv-01686-LAB*
PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY

Permitting the state action to proceed notwithstanding the *Garcia* parties' inequitable conduct would reward their unclean hands and fail to deter the same improper conduct by other litigants. The state court is likely to recognize this principle and, as a result, stay *Garcia*. But even if *Garcia* proceeds, there is still no possibility of piecemeal litigation, because the two actions raise identical claims and issues.

### iii.   Because the Actions are "Substantively Identical," There is No Possibility of Piecemeal Litigation

Piecemeal litigation is not the same as *duplicative* litigation, which "wasteful though it may be, is a necessary cost of our nation's maintenance of two separate and distinct judicial systems possessed of frequently overlapping jurisdiction." *Trujillo*, 2012 U.S. Dist. LEXIS 147935, at *7 (quoting *Black Sea Inv., Ltd. v. United Heritage Corp.*, 204 F.3d 647, 650 (5th Cir. 2000)); *see also id.* at *11-13 (further discussing distinction and noting legal error in decisions equating piecemeal litigation with judicial efficiency); *Morris v. SWDI, LLC*, 872 F. Supp. 2d 499, 509 (E.D. La. 2012) ("The Court agrees that action in both federal and state courts would be largely duplicitous [sic]. However, duplicative litigation is not the same as piecemeal litigation, and 'the prevention of duplicative litigation is not a factor to be considered in an abstention determination.'" (quoting *Murphy v. Uncle Ben's Inc.*, 168 F.3d 734, 738 (5th Cir. 1999))). Instead, "[t]he real concern at the heart of the third *Colorado River* factor is the . . . danger of inconsistent rulings with respect to a piece of property." *Trujillo*, 2012 U.S. Dist. LEXIS 147935, at *7 (quoting *Black Sea Inv.*, 204 F.3d at 650). Thus:

> allowing both suits to proceed will not result in piecemeal litigation, because both suits involve the same issues of fact, liability, and damages. . . . [T]he identical attorneys represent the Defendants in both suits, and . . . if a money judgment is rendered in Plaintiff's favor in the federal suit, the full satisfaction of that money judgment by or on behalf of the Defendants will satisfy the Plaintiff's claims in the state suit.

*Id.* at *6-7 (reciting plaintiff's successful argument in opposition to defendants' motion for stay).

In sum, where the relevant cases "do[] not involved a property dispute, and the parties and claims are identical in both lawsuits, this factor weighs against abstention." *Id.* at *7 (citations omitted); *see also Morris*, 872 F. Supp. 2d at 509 (

> All of Defendant's arguments concern the duplicative nature of the two suits, and Defendant points to no factor that would show that allowing the federal suit to go forward would lead to *piecemeal* litigation. Furthermore, . . . the avoidance of piecemeal litigation "does not weigh in favor of abstention" when a case "does not involve jurisdiction over a res or property," such that "there is no danger of inconsistent rulings affecting property ownership." (quoting *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1192 (5th Cir. 1988))).

## C.     The Order of Filing Weighs Against Staying this Action

Because *Branca* is the first-filed action, this strongly favors its priority over *Garcia*, and thus weighs against a stay.[7] *Accord Caiafa*, 15 Cal. App. 4th at 805 (

> Because the federal fraud action predated Caiafa's section 2860 petition, . . . . [w]hether it would have been an abuse of discretion had the trial court *denied* the stay would have presented a close question . . . . But we have no trouble concluding the trial court acted within the scope of its discretion in *granting* the stay.)

But "[p]riority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Travelers Indem.*, 914 F.2d at 1370 (quoting *Cone*, 460 U.S. at 21). "The mere existence of a case on the state docket," however, "in no way causes a substantial waste of judicial resources nor imposes a burden on the defendant which would justify abstention." *Id.* (quoting *Herrington v. County of Sonoma*, 706 F.2d 938, 940 (9th Cir. 1983) (quoting J. Moore, Moore's Federal Practice, vol. 1A, pt. 2, para. 203[4], p. 2141 (2d ed. 1948, 1982 update))). "Where no progress has been made on the merits of either

---

[7] The Fifth Circuit Court of Appeals has "suggested that this factor [that is, the order in which jurisdiction was obtained] only favors abstention when the federal case has not proceeded past the filing of the complaint." *Morris*, 872 F. Supp. 2d at 510 (quoting *Stewart*, 438 F.3d at 492-93).

case[8] and the suits are proceeding at approximately the same pace, this factor weighs against abstention." *Trujillo*, 2012 U.S. Dist. LEXIS 147935, at *9 (citing *Black Sea Inv.*, 204 F.3d at 651).

Both *Branca* and *Garcia* are in their infancies. In *Branca*, two motions to dismiss filed by Iovate and Kerr are fully briefed and pending (Dkt. Nos. 10, 13-15, 17-19), and Iovate has taken Mr. Branca's deposition (Marron Decl. ¶ 8). As such, there have been challenges to the merits in *Branca*.

By contrast, in *Garcia*, Iovate immediately answered the Complaint and "[t]he next substantive pleading . . . was a November 15, 2012 joint CMC statement indicating the case had settled . . . ." (*Id.*, Ex. 1 at 5.) *Garcia* has involved no discovery, other than Iovate's taking *Mr. Branca's* deposition, after he intervened.[9] There have been no challenges to the merits in *Garcia*, as in *Branca*.

Further, staying this action because *Garcia* is supposedly more advanced would indulge the *Garcia* parties' unclean hands in concealing the action by failing to file notices of related cases as they were required. Had Iovate acted as the rules of both courts require, Mr. Branca would have intervened much earlier, and likely obtained then a stay of *Garcia*. Moreover, to the extent *Garcia* has advanced beyond *Branca*, this is a result of Iovate's disparate treatment, favoring Garcia and his counsel, for example by challenging only Mr. Branca's Complaint, but acceding to Garcia's by filing an Answer the same day the *Garcia* Complaint was served.

---

[8] Although the *Garcia* parties agreed to a settlement that they hoped to present to the state court for its preliminary approval, this is not an advancement of the case's *merits*. And the state court refused to hear the motion after learning of the *Garcia* parties' concealment, prioritizing Mr. Branca's intervention and stay motions.

[9] The *Garcia* parties claim to have conducted discovery-type investigation as part of their settlement "negotiations" (*see* Dkt. No. 26-8 at 2-3, 9) but as far as Mr. Branca is aware, there has been no formal discovery in *Garcia*, aside from Iovate's noticing and taking *Mr. Branca's* deposition concurrently with taking his deposition in this case.

Finally, the filing of a motion seeking another court's preliminary approval of a proposed class action settlement is insufficient justification to stay an overlapping putative class action because, even if eventually approved, the class representative in the other action need only opt out for the right to pursue his action individually. *Accord Gemini Ins.*, 2012 U.S. Dist. LEXIS 99948, at *28 ("because this court will proceed with the underlying case, this factor weighs against a stay" (citing *Cone*, 460 U.S. at 28)). This discussion is, however, academic, because the *Garcia* parties no longer have a preliminary approval motion pending and, if the state court stays *Garcia*, they will be unable to file any such motion until this action is resolved.

## D.   Because Both State and Federal Law Provide the Rule of Decision on the Merits, this Action Should Not be Stayed

Both *Branca* and *Garcia* allege the same mix of federal and state law causes of action. Although both courts are capable of applying the "foreign" law, California federal courts more frequently apply California state law than do state courts grapple with federal statues like the Magnuson-Moss Warranty Act and the federal Food, Drug and Cosmetic Act. (*See*, *e.g.*, First Am. Compl. at ¶¶ 53-59, 95-105.) Thus, the state courts recognize the "advisability of restraint" when presented with issues, like the Magnuson-Moss Warranty Act claims, "turn[ing] wholly on questions of federal law," *Clark's Fork Reclamation Dist. No. 2069 v. Johns*, 259 Cal. App. 2d 366, 369 (1968). And the U.S. Supreme Court counsels that "the presence of a federal-law issues must always be a major consideration weighing against surrender" of jurisdiction. *Cone*, 460 U.S. at 26; *see also Alliance of Am. Insurers v. Cuomo*, 854 F.2d 591, 603 (2d Cir. 1988) ("the presence of federal issues weighs heavily against dismissal" under *Colorado River*).

By contrast, while the presence of federal causes of action favors the retention of federal jurisdiction, the "presence of state-law issues may weigh in favor of . . . surrender" only "in some rare circumstances." *Travelers Indem.*, 914 F.2d at 1370

15

*Branca v. Iovate Health Sciences USA, Inc. et al;* Case No. 3:12-cv-01686-LAB
PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY

(citing *Cone*, 460 U.S. at 26). Where, like here, the state-law issues are "routine," no "rare circumstances" justifying a stay exist. *See id.*

This factor therefore weighs against staying this action.

**E.     The State Proceeding is Inadequate to Protect the Parties' Rights, and Congress Has Expressed a Strong Preference for the Litigation of Class Actions in Federal Court**

In enacting the Class Action Fairness Act of 2005, Congress expressed a strong desire for class action litigation in the federal courts, noting abuses of class action filings in state courts that harmed both class members and defendants, "adversely affected interstate commerce," and "undermined public respect for our judicial system." Pub. L. No. 109-2 (Feb. 18, 2005) § 2(a)(2). Such abuses:

> undermine the national judicial system, the free flow of interstate commerce, and the concept of diversity jurisdiction as intended by the framers of the United States Constitution, in that State and local courts are . . . keeping cases of national importance out of Federal court . . . and [ ] making judgments that impose their view of the law on other States and bind the rights of the residents of those States.

*Id.* § 2(a)(4) . Thus, the purpose of enacting CAFA was, among other things, to "restore the intent of the framers of the United States Constitution by providing for Federal court consideration of interstate cases of national importance under diversity jurisdiction[.]" *Id.* § 2(b)(2) . To promote CAFA's underlying purposes, Congress also required the Judicial Council of the United States to gather data on class action settlements and fees. Pub. L. No. 109-2 (Feb. 18, 2005) §§ 6(a)-(b) .

*Branca* was brought in federal court under CAFA. (Compl. ¶ 1.) Garcia's later-filed Complaint likewise satisfies the requirements of CAFA,[10] and Iovate remains free to remove the action. *See* 28 U.S.C. § 1441. Staying this action in favor of *Garcia*

---

[10] *E.g.*, the amount in controversy exceeds the sum of $5,000,000.00, exclusive of costs and interest, and more than two-thirds of the members of the putative class are citizens of a different state than Defendants. *See* 28 U.S.C. § 1332(d).

16

*Branca v. Iovate Health Sciences USA, Inc. et al;* Case No. 3:12-cv-01686-LAB
PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY

would flip Congress's intent on its head and undermine the legislative goals of CAFA, including protecting the nationwide Class from potential abuses more common in state court—like the abuses that occurred here, with the *Garcia* parties concealing their litigation and negotiating a hurried, collusive settlement.

The state court action is also insufficient to protect Mr. Branca and the Class because the beneficial business relationship between Iovate's and Garcia's counsel, purported adversaries, both raises the spectre of collusion (even solicitation) in the filing and settlement of *Garcia*, and creates in Kirtland an irreconcilable conflict of interest that precludes its representation of the putative class and, therefore, the state court's approval of its proposed settlement. *See Apple Computer, Inc. v. Super. Ct.*, 126 Cal. App. 4th 1253, 1276 (2005).

Because Newport and Kirtland, who are purported adversaries in *Garcia*, serve as co-counsel in other actions, they are interdependent and incentivized to maximize each other's good will. For example, Kirtland may have accepted a lesser deal for the Class than could be obtained through truly arms'-length litigation, in order to help Newport market its services to other class action defendants by citing the settlement in this case as an example of Newport's skill in obtaining only mild relief in the face of strong claims. Similarly, the close association between Kirtland and Newport may have allowed Kirtland to obtain larger fees for itself, at the expense of the Class, by invoking the attorneys' long-standing beneficial relationship and citing the extent to which large fees will help Kirtland and Newport prosecute other class actions together as co-counsel.[11] *Accord Jaroslawicz v. Safety Kleen Corp.*, 151 F.R.D. 324, 329 (N.D. Ill.

---

[11] There also appear to be significant conflicts of interest between Newport and its client, Iovate. Newport has an interest in maximizing Kirtland's take, at the expense of Iovate, in order to enrich its co-counsel as a reward for its assistance in prosecuting other actions, and/or to provide capital to prosecute those actions. For example, any fees Kirtland obtains here may be used by Kirtland and Newport to jointly prosecute other class actions, such as *Hogan*, in which Kirtland and Newport jointly represent plaintiffs, a case that was filed just 21 days before *Garcia*. In addition, Newport has represented

17

*Branca v. Iovate Health Sciences USA, Inc. et al;* Case No. 3:12-cv-01686-LAB
PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY

1993) (declining to certify class where a close business relationship existed between the named plaintiff, an attorney, and his counsel, who served as co-counsel in other cases, which the court held "describes an 'interdependent' relationship" resulting in a conflict); *Apple Computer, Inc.*, 126 Cal. App. 4th at 1276 (disqualifying class representative that was not "sufficiently independent to serve" in light of his close, long-standing co-counsel relationship with class counsel).

Here, as in *Jaroslawicz*, Kirtland, has an "interdependent" relationship with Newport, creating an irreconcilable conflict of interest that precludes the firm from representing the Class and being appointed Class Counsel, including as part of a proposed class settlement. Kirtland was aware of this conflict, and improperly left it to Mr. Garcia to resolve, noting in its opposition to Mr. Branca's intervention motion that "Mr. Garcia was apprised of Kirtland & Packard's co-counsel relationships with Newport Trial Group . . . . and concluded that such relationships did not present a conflict." (Marron Decl. Ex. 7, Garcia Opp. to Mot. to Intervene at 5.) But even if Mr. Garcia was aware of the conflict and waived it for himself, he could not waive it on behalf of the class. *Apple Computer*, 126 Cal. App. 4th at 1274 n.7 ("Unidentified class members cannot waive a potential conflict of interest." (quoting *Cal Pak Delivery, Inc. v. United Parcel Serv., Inc.*, 52 Cal. App. 4th 1, 12 (1997))).

But even if the state action *were* sufficient to protect Mr. Branca's rights and those of the putative Class, this factor is at best neutral, not supporting abstention. *See Trujillo*, 2012 U.S. Dist. LEXIS 147935, at *10 ("The fact that the state proceedings appear to be adequate is a neutral factor in the abstention analysis." (citing *Black Sea Inv.*, 204 F.3d at 651)).

---

plaintiffs in class actions alleging substantially similar conduct is unlawful, forcing Newport to take opposite and conflicting positions whereby success on behalf of one client (or class) is likely to undermine the interests of its other client.

18

*Branca v. Iovate Health Sciences USA, Inc. et al;* Case No. 3:12-cv-01686-LAB
PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY

1
2

**F.     Mr. Branca Has Not Engaged in Any Inequitable Conduct that Might Otherwise Favor a Stay**

3
4
5
6
7
8
9
10

A federal court may be justified in staying an action if a plaintiff forum shops or seeks to avoid adverse state court rulings. *See Nakash*, 882 F.2d at 1417. Because Mr. Branca lives and works in San Diego county, purchased the accused Hydroxycut in San Diego county, and brought the first-filed action in San Diego (*see* FAC ¶¶ 6-7), that is not an issue here. *See In re Ferrero Litig.*, 768 F. Supp. 2d 1074, 1078 (S.D. Cal. 2011) ("Here, there is no evidence of forum shopping by the two representative plaintiffs. Both plaintiffs reside in this district and purchased the product at issue in this district." (record citation omitted)).

11
12
13

Nor was Mr. Branca seeking to avoid adverse state court rulings, since he brought the first action and was not even aware of a duplicative state court action until Iovate finally disclosed it in January, in connection with this Motion.

14
15
16
17
18
19
20
21
22
23

If anything, *Iovate* has forum shopped, by having its attorneys likely solicit co-counsel to file a lawsuit against it in Santa Barbara Superior Court (*Garcia*), which was easy to conceal, and which the *Garcia* parties did conceal, while negotiating a sweetheart settlement that benefits Iovate and its attorneys' co-counsel above the Class. Further, Iovate attempted to avoid *this Court's* rulings, by filing dense dismissal motions here but immediately answering, then quickly settling, *Garcia*. Indeed, although Iovate filed both this Motion and the motion for preliminary approval in *Garcia* on January 22, Iovate set the hearing on this Motion for *ten weeks* later, well after it believed the state court would decide on preliminary approval, previously set for February 14.[12] (Mot. at 2.)

24
25
26
27
28

---

[12] The hearing Iovate set for its preliminary approval motion, 20 days after its filing, did not comply with California state court rules that require a minimum 28 days. *See* Cal. R. Ct. 3.764(c)(1).

### G.   Iovate's Reliance on the *CMAX* Hardship Factors is Erroneous

Despite the ubiquity of the *Colorado River* doctrine and Iovate's request that the Court stay this action in deference to the *Garcia* action pending in state court, <u>Iovate's motion does not even cite *Colorado River* once</u>. Instead, presumably hoping to avoid its high burden of showing "exceptional circumstances" under *Colorado River* warranting the surrender of federal jurisdiction, Iovate relies on "hardship" factors set forth in *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). (*See* Mot. at 4-5.) This is erroneous.

*CMAX* and other cases relying on these factors concern a federal court's general and inherent power to stay proceedings for reasons of sound judicial administration and efficiency, factors that may not be considered under *Colorado River*. For example, the *CMAX* factors are appropriately analyzed while "independent proceedings which bear upon the case" proceed on appeal, *see Bickley v. Schneider Nat'l Carriers, Inc.*, 2013 U.S. Dist. LEXIS 8636, at *3 (N.D. Cal. Jan. 22, 2013) (stay granted) (quoting *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979)); to inspect an appeal record, *In re Den Beste*, 2013 U.S. Dist. LEXIS 432, at *1 (N.D. Cal. Jan. 2, 2013) (stay denied); pending the publication of an agency's Record of Decision, *Wells Cargo, Inc. v. Transp. Ins. Co.*, 2012 U.S. Dist. LEXIS 108098, at *17-20 (D. Idaho July 31, 2012) (stay granted); to allow an agency to complete its investigation of the plaintiff's Title VI administrative complaint, *Padres Hacia Una Vida Mejor v. Jackson*, 2012 U.S. Dist. LEXIS 68618, at *2-3 (E.D. Cal. May 16, 2012) (stay denied); and to, *inter alia*, obtain new counsel, *Alzheimer's Inst. of Am. v. Elan Corp. PLC*, 2011 U.S. Dist. LEXIS 147471, at *3-4 (N.D. Cal. Dec. 22, 2011) (stay granted).

Iovate's erroneous legal standard is illustrated by its misplaced reliance on *Negotiated Data Solutions, LLC v. Dell Inc.*, 2008 U.S. Dist. LEXIS 77229 (N.D. Cal. Sept. 16, 2008). (*See* Mot. at 5.) In *Negotiated Data*, the plaintiff moved for a stay based on a pending consent decree it reached with the FTC, not a state court's concurrent, and later-acquired, jurisdiction. *See id.* at *2-3.

Iovate's misplaced reliance is similar with respect to the several cases it cites, none of which involved a surrender of the federal court's jurisdiction in deference to a state court action. (*See* Mot. at 5 (citing *Sequoia Forestkeeper & Earth Island Inst. V. U.S. Forest Service*, 2008 U.S. Dist. LEXIS 40922, at *10-16 (E.D. Cal. May 21, 2008) (imposing "moderate stay" to permit agency to issue revised Environmental Assessment); *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) (finding no abuse of discretion where federal court stayed action "pending receipt . . . of the results of the arbitration between" the parties); *Fernandez v. Boiron, Inc.*, 2012 U.S. Dist. LEXIS 74322, at *6, *10-11 (C.D. Cal. Apr. 26, 2012) (staying class action pending in federal court in deference to class action pending in a different federal court, after class-wide settlement agreement had already been preliminarily approved in latter); *Breault v. Folino*, 2002 U.S. Dist. LEXIS 25587, at *2-5 (C.D. Cal. Mar. 15, 2002) (staying shareholder derivative action brought on behalf of Emulex Corporation that would "conflict with Emulex's defense of . . . pending class actions," where "Emulex would be harmed by Plaintiffs' pursuit of this derivative action now because its defense in the pending class actions also would be challenged in this suit"); *Carney v. Verizon Wireless Telecom, Inc.*, 2010 U.S. Dist. LEXIS 77636, at *6-9 (S.D. Cal. Aug. 2, 2010) (staying proceeding pending U.S. Supreme Court's decision in *AT&T Mobility LLC v. Concepcion*, which was to decide whether the Federal Arbitration Act preempted state law holding certain mandatory arbitration clauses invalid).)

Notably, Iovate has not cited a single case—nor could it—applying the less stringent *CMAX* hardship factors to its request that a federal action be stayed in deference to a state action. In such cases, the *Colorado River* factors apply. *Koval*, 2012 U.S. Dist. LEXIS 113196, at *8. Having failed to address these factors at all, Iovate has not carried its heavy burden of showing "extraordinary circumstances" justifying the surrender of jurisdiction by staying this case.

21

## CONCLUSION

The Court should, respectfully, deny Iovate's motion and decline to find "exceptional circumstances" that justify a stay under *Colorado River*.


DATED: March 18, 2013                    Respectfully Submitted,

                                         /s/ Ronald A. Marron
                                         Ronald A. Marron

                                         **LAW OFFICES OF RONALD A.**
                                         **MARRON, APLC**
                                         RONALD A. MARRON
                                         B. SKYE RESENDES
                                         ALEXIS WOOD
                                         3636 4th Avenue, Suite 202
                                         San Diego, CA 92103
                                         Telephone:  (619) 696-9006
                                         Facsimile:   (619) 564-6665

                                         **THE WESTON FIRM**
                                         GREGORY S. WESTON
                                         JACK FITZGERALD
                                         MELANIE PERSINGER
                                         1405 Morena Blvd., Suite 201
                                         San Diego, California 92110
                                         Telephone:  (619) 798-2006
                                         Facsimile:   (480) 247-4553

                                         **SALAS WANG LLC**
                                         JEFFREY M. SALAS
                                         155 N. Wacker Drive
                                         Chicago, Illinois 60606
                                         Telephone:  (312) 803-4963
                                         Facsimile:   (312) 244-3151

                                         ***Counsel for Plaintiff and the***
                                         ***Proposed Class***

*Branca v. Iovate Health Sciences USA, Inc. et al;* Case No. 3:12-cv-01686-LAB
PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY