# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN BRANCA, an individual, on behalf of himself and all others similarly situated,<br><br>                             Plaintiff,<br><br>    vs.<br><br>IOVATE HEALTH SCIENCES USA, INC., et al.,<br><br>                             Defendants. | CASE NO. 12cv01686-LAB (WMC)<br><br>**ORDER ON MOTION TO STAY** |

This case is a consumer protection class action against the manufacturer of the dietary supplement Hydroxycut, which is supposed to help with weight loss. The basic claim is that it doesn't work. The case was filed on July 6, 2012, and on September 12 Iovate filed two motions to dismiss that are now under submission. On January 22, 2013, with the motions still under submission, Iovate filed a motion to stay the case pending the approval of a settlement in a substantively identical class action in Santa Barbara Superior Court. *That* case, *Garcia v. Iovate Health Science s U.S.A.*, was filed just two weeks after this one, on July 20, 2012. The spirit of the motion to stay is that proceeding with this case would be a waste of the Court's resources and potentially result in duplicative litigation. The Court agrees, more or less, and the motion to stay is **GRANTED**.

Why *not* stay this case, if one that's virtually identical to it, and would resolve all of the claims, has reached a preliminary settlement that is now awaiting court approval? The real reason, according to Branca, is that the *Garcia* settlement is collusive, or at least looks really bad. Here is Branca's explanation.

First, Iovate's counsel, Newport Trial Group, is friendly with Garcia's counsel, Kirtland & Packard. Indeed, Newport Trial Group both prosecutes and defends class actions, and with Kirtland & Packard it has jointly represented plaintiffs in class actions in the past. Not only that, but, it is alleged, Newport Trial Group has a grudge against Branca's counsel, The Weston Firm and Ronald Marron, over a recent class action in this district that it "unsuccessfully battled" them for control of—and the settlement of which it has objected to and appealed. (Doc. No. 30 at 3.) *See Gallucci v. Boiron, Inc.*, Case No. 11-CV-2039, Doc. Nos. 38, 72, 96, 129.

Second, Newport Trial Group never notified this Court of *Garcia*, in violation of Local Civil Rule 40.1(f). It also failed to notify the Santa Barbara Superior Court of this case. Indeed, in granting Branca's motion to intervene in *Garcia*, the judge presiding over the case, Judge de Bellefeuille, found that "Garcia and Iovate were not forthcoming regarding the existence of two pending purported class actions setting forth identical causes of action." (Doc. No. 30-1, Ex. 1 at 5.)

Third, the timing of the *Garcia* settlement vis-a-vis the filing of this case and that one is suspicious. For one, Newport Trial Group was reaching out to Branca's counsel to schedule a mediation before Iovate was even served with Garcia's complaint. Also, while Iovate answered Garcia's complaint on the day it was served, it filed two motions to dismiss Branca's complaint, one for lack of personal jurisdiction over Defendant Kerr Investment Corp. and another for failure to state a single claim under Fed. R. Civ. P. 12(b)(6). (Doc. Nos. 3, 4, 10, 13.)[1]

The Court has read the parties' briefs and given considerable thought to them. Here's the basic problem: No matter how hard Iovate tries to argue that a stay is warranted under *Landis v. North American Co.*, 299 U.S. 248, 254 (1936), and no matter how hard Branca tries to argue back that a stay isn't warranted under *Colorado River Conservation Dist. v.*

---

[1] Branca also accuses Iovate of setting the hearing on this motion to stay ten weeks after it was filed on January 22 because it filed the preliminary approval motion in *Garcia* on that same day and wanted to buy some time. (Doc. No. 30 at 19.) Actually, the Court gave out the April 2 hearing date for this motion to stay. It was the earliest available date on the Court's busy calendar.

*United States*, 424 U.S. 800 (1976), the real fight here is for control of a class action between two warring plaintiffs' firms. That fight, moreover, is inseparable from the ostensibly disinterested legal arguments they make for the Court staying or not staying this case.

Branca has successfully intervened in *Garcia* to challenge the proposed settlement, and to stay the case in light of this one. In fact, Judge de Bellefeuille has taken the preliminary approval hearing off calendar in order to hear Branca's motion to stay on April 4. The Court's view is that if there's something procedurally or substantively unsavory about the *Garcia* settlement, even though it appears to be the result of vigorous bargaining before an experienced mediator, Judge de Bellefeuille should be the judge to say so. *Garcia* is her case. But until Judge de Bellefeuille makes that call, and meaningfully stalls the progress of the *Garcia* settlement, the Court is inclined to exercise its discretionary power under *Landis* to stay this case in the interest of judicial economy. *See Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005); *Chartener v. Provident Mut. Life Ins. Co.*, 2003 WL 22518526 at *4 (E.D. Pa. Oct. 22, 2003) (granting a six-month stay to abide the approval of a state court settlement).

Iovate's motion to stay is **GRANTED** for a period of ninety days. By no later than July 1, 2013, the parties must jointly file a status report that informs the Court of the outcome of the proposed settlement in *Garcia.* The Court will evaluate then, if necessary, whether to extend the stay.

**IT IS SO ORDERED**.

DATED: March 29, 2013

**HONORABLE LARRY ALAN BURNS**
United States District Judge